**J. A. MYERS COMPANY, Plaintiff-Appellant, v. MILLER, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5897.   Decided October 14, 1958.

Brownfield & Malone, William Malone, of Counsel, Columbus, for plaintiff-appellant.

V. J. Kertzinger, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court finding for the defendant on the cause of action set forth on the petition and also for the defendant on the cross-petition for the sum of $736.35 plus interest and cost of suit.

The record reveals that the action was instituted as one on account for the balance of $317.60 due on a contract for the installation of a heating system in the defendant's home.

The answer is a general denial and cross-petition wherein the contract is admitted, and that the amount sought in the petition is the balance due under the terms of the contract, but that the same has not been paid for the reason that the contract was never completed by the plaintiff. It alleges further that the plaintiff guaranteed to install a heating system that would heat the home to certain specified temperatures with a normal consumption of oil; that the system was installed, but that it would not raise the temperature to the degree warranted; that the heat was cut off in certain rooms because of leaking coils; and finally, that the boiler blew out on three different occasions, causing smoke damages to the home and its furnishings. It further alleged that he was forced to install a new boiler and heating pipes, all to his damage in the sum of $3,000.

To the cross-petition, the plaintiff entered a general denial. The trial court found that there was an express and implied warranty; that the heating system would be suitable for the purpose intended; that it failed to perform as expressly represented; and that the plaintiff had breached the contract to the defendant's damage.

The errors assigned all relate to the sufficiency of the evidence. We have carefully examined the entire record and conclude that the judgment is supported by the proper degree of proof. It is our opinion that the failure of the system to heat, as expressly warranted, was due to the leaking coils which were imbedded in a concrete floor. These leaks caused a continued flow of cold water in the boiler, resulting in its overconsumption of fuel and final explosion.

The plaintiff offered evidence to show that the leaks might not have been due to improper installation by him but because of improper laying of the cement floor over the heating tubes by the general contractor, or that the leaks might have been caused by the floor settling or cracking. This theory fails because it is not supported by one scintilla of evidence.

The record does show that one of the leaks was due to a defective soldering of one of the pipe joints which was repaired by the plaintiff. The cause of the other two leaks is not established by definite proof because of the necessity of removing the concrete floor in order to make the examination: However, the inference is permissible that these also were due to defective soldering just as the one which was inspected.

It is the function of the trial court to draw inferences from established facts and not that of a reviewing court. We are also of the opinion that the court properly found that, since the defendant made known to the plaintiff the particular purpose for which the purchase was made, relying on his skill, there was also an implied warranty that the heating system was reasonably fit for such a purpose. See **Paragraph "A"** of §1315.16 **R. C.**

We have examined the well-considered opinion of Judge Reynolds in this case, and are in accord with his conclusions of law and fact expressed therein. Finding no prejudicial error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.